HALL, Judge.
Sometime in the year 1953 Mitchell Lu-lich entered into a verbal contract with the defendant, Mrs. Edith Ballay, whereby Lu-lich agreed to furnish the labor and materials and to construct an addition to a residence owned by Mrs. Ballay. The scope of the work included the construction of a large den, a kitchen, a bathroom, a porch, a carport, and a new cesspool. Lulich also agreed to re-tile and do a re-plumbing job in the old kitchen and old bathroom, and to paint the interior of the original structure as well as the addition. The only controversy between the parties as to the scope of the work was whether Lulich was to supply the materials for a new roof to be constructed over the entire house (defendant agreed to pay for the roofer’s labor). However in the view we take of the case this controversy is immaterial.
Mr. Lulich agreed to furnish the labor and materials and to do all of the work for the cost of the labor and materials. Since he was in the building materials business his profit was to come from furnishing the materials at retail prices. He gave an estimate to defendant of somewhere between $6,000.00 and $8,000.00 as the cost to her of the work to be done.
Mr. Lulich engaged a carpenter and a plumber and work was done on the house during the years 1953 and 1954. The work was never formally accepted by defendant although she has lived in the house since that time. Mrs. Ballay was never billed by Lulich for the work done.
In 1955 Mr. Lulich formed a corporation known as “Mitchell Lulich Construction Company, Inc.” to which he transferred all of the assets of his building material business including the accounts receivable. Sometime in the year 1960 Mitchell Lulich Construction Company, Inc. billed Mrs. Bal-lay for the work done by Lulich and on January 18, 1962 the corporation filed this suit seeking a judgment against her in the sum of $12,172.59, being the amount allegedly due under the contract she entered into with Lulich in 1953.
In her answer to the suit Mrs. Ballay denied owing plaintiff anything and further defended on the ground that the work done under the contract “ * * * was unfinished and faulty work which did require the *403 defendant to spend additional sums to complete a portion of said addition * * She prayed that plaintiff’s suit be dismissed and that “ * * * in the alternative should plaintiff be found to be due any monies that a reduction in price be allowed to defendant * *
Following a lengthy trial on the merits the Trial Judge rendered judgment rejecting plaintiff’s demands and dismissing its suit at its cost. Plaintiff appealed.
Although there are other issues raised in the case in our opinion the decisive issue presented is whether plaintiff has successfully borne the burden of proof resting upon it. In suits for recovery of the amount due under “cost plus” construction contracts or contracts entered into on a labor and materials basis the contractor carries the burden of proving that all of the materials charged for went into the construction and that the prices charged for labor and materials are reasonable and proper. See Wendel v. Maybury, La.App., 75 So.2d 379; Lagasse v. Allen, 219 La. 745, 54 So.2d 6; Lee v. National Cylinder Gas Co., La.App., 58 So.2d 568.
We are of the opinion after a painstaking review of the testimony and other evidence adduced at the trial that plaintiff has failed to sustain this burden.
As evidence of the materials which went into the Ballay job and the prices charged therefor the plaintiff corporation attached to its petition and introduced in evidence fifteen exhibits which appear to be copies of invoices for materials supposedly delivered to the Ballay job. The originals of these invoices were not produced, and the copies constitute the only written evidence produced by plaintiff. Mr. Lulich explained that in August of 1960 (prior to the presentation of any bill to Mrs. Ballay) a fire occurred in his office which destroyed all of his records except a record of his accounts receivable which he kept in his fireproof safe. Presumably the invoice copies came from the safe. However the invoices themselves prove nothing.
Mr. Lulich testified that he hired a carpenter and a plumber to do the work on the Ballay residence and furnished all of the materials which they requested for the job. He had no superintendent or supervisor on the job and when materials were delivered no one on the job was required to sign nor did anyone sign an invoice or receipt therefor. As a matter of fact no invoices accompanied the delivery of the materials. Mr. Lulich explained that the way he conducted his business and the way this job was handled was as follows: Whenever materials were sent to a job his office manager would make a notation thereof in a memorandum book. From the notations made in the memorandum book the office manager from time to time would make up “invoices” which he placed in a file and when the book was full he destroyed it. This method of doing business explains the fact that the dates borne by the fifteen “invoices” attached to the petition do not correspond to the dates the materials' were supposedly delivered to the job. None of the “invoices” were presented to Mrs. Ballay until I960 when she was billed by the corporation.
Mr. Lulich testified on direct examination that all of the materials listed on the fifteen exhibits went into the construction of the Ballay job but it is clear from his cross-examination that he had no personal knowledge of the job but was testifying from what he was told.
Mr. Juneau, the carpenter hired by Lu-lich, testified that materials similar to those listed on the “invoices” were used on the job but he could not say that the quantities listed therein were so used.
The “invoices” contain an item of $3,421.-00 for labor, but Mr. Juneau testified that his bill for labor did not exceed $2,500.00,. and Willie Williams, the plumber, stated that he was paid only $225.00 or $250.00 for his work. These workmen had been paid by *404 check but all of Luhch’s cancelled checks had been destroyed in the fire.
Defendant adduced the testimony of Joseph A. Bacas, a carpenter and contractor, who was accepted by the Court as qualified to testify as an expert. Mr. Bacas had examined the house at the request of defendant and had taken measurements from which he made sketches and floor plans. He testified that the work done by Lu-lich was defective in many particulars which he described, and gave it as his opinion that in order to correct the work it would be necessary to do the whole job over. He examined the fifteen “invoices” and found none of them to be correct according to his measurements. For instance Mr. Bacas testified that the “invoices” charge Mrs. Ballay for 24 gallons of glue whereas only 8 gallons were needed for the job; 54 rolls of felt paper were charged but only 11 rolls were needed; 110 sheets of sheetrock were charged but the job required only 72 sheets; 17 doors were charged but the house contained only 15 by actual count; 70 square feet of tile were charged but only 48 needed. Mr. Bacas also pointed out that Mrs. Ballay was charged $80.00 a roll for reinforcement wire whereas a proper charge would be $36.00, and that she was charged $2.50 a pound for nails whereas nails cost only .25 per pound. (Plaintiff claims that this latter charge was due to a typographical error.)
In our opinion plaintiff has failed to sustain the burden of proving that all of the materials charged for in the “invoices” were delivered to and went into the Ballay job. Plaintiff moreover made no attempt to prove that the prices charged therein were fair and reasonable.
Appellant urges however that since an addition to Mrs. Ballay’s residence was actually constructed by Lulich, plaintiff is entitled to a judgment on the theory of unjust enrichment (See D’Avy v. Briley, La. App., 72 So.2d 758, 760). Assuming ar-guendo that Mrs. Ballay has been enriched to some extent it is impossible from the record before us to determine to what extent or to determine what the true cost of the addition should have been.
This appeal involves only questions of fact and we find no error in the judgment of the Trial Court.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiff-appellant.
Affirmed.