PER CURIAM.*
The plaintiff, Clarence J. Albert, Jr., brings this suit to recover from the defendant, Leo C. Ledet, the alleged balance due under a contract, an averred supplement thereto, and for construction extras beyond the contract, for the construction of a residence in the City of Houma, La. The original contract, dated October 18, 1967 called for the sum of $57,625.00, allegedly supplemented to the extent of $11,246.00 for additions; and construction items termed “extras” in the sum of $9,171.72. The aggregate of these three figures reaches the amount of $78,042.72. Plaintiff claims that the defendant has withheld payment of $6,887.10, representing the last 10% installment on the supplemented contract price, and also $9,171.72 for the “extras”, comprising changes, alterations and additions, including better material and more labor than was envisioned in the original plans and specifications, with which the defendant reputedly agreed. Since the plaintiff’s claim with respect to the worth of the construction after adding the additions and “extras” comes to the sum of $78,042.72, and his suit seeks recovery of $16,058.82, it is clear 'that Ledet has paid Albert $4,358.90 over the original contract price.
The defendant answered plaintiff’s suit, denying any indebtedness under the contract, claiming that. the workmanship was totally inadequate, later filing his supplemental answer on March 26, 1971, setting forth certain defects in the workmanship and the materials used on the job which would entail total expenses of $10,991.80 to *294 rectify and correct, and again urged that plaintiffs demand be dismissed, but, in the alternative, he be allowed an offset against plaintiff’s demands in the said amount.
The defendant filed a third party demand against his architect, T. Baker Smith, in which Ledet sought judgment against Smith for any judgment which the trial court might award the plaintiff against him. There was also a separate suit filed by Mr. Smith against Mr. Ledet for the balance of $1550.79 allegedly due on the architectural contract which was consolidated for trial with this suit. This separate suit is no longer in litigation here.
The trial judge assigned relatively extensive reasons for judgment, and judgment was rendered and signed in accordance therewith dismissing plaintiffs suit.
From this judgment plaintiff has appealed citing as errors the trial court’s failure to find evidence that the amount of the contract had been increased to $68,871.00; in failing to find the reasonableness of the plaintiff’s charge for extras in the amount! of $9,171.72; and the trial court’s failure to consider and give the proper weight to the testimony of T. Baker Smith, Jr., the architect and the representative of the der fendant-owner, Leo C. Ledet; the testimony of Albert G. Olivier, another disinterested, qualified architect; and the testimony of Mrs. Serena G. Borne, an expert appraiser.
This court has carefully reviewed and considered the record of this suit in its entirety, the trial court’s findings of fact and its conclusions reached therefrom, and we fully concur therein and affirm its judgment of dismissal.
Considering plaintiff’s initial complaint that the court a quo failed to find that the price of the original contract had been increased to $68,871.00, we experience some difficulty in assaying the thrust of plaintiff’s argument that the trial court erred on this count. There was a general statement by the architect Smith that about $11,000.00 worth of change orders were “cranked into the job.” (Tr. 55). Plaintiff apparently claims that this generality, along with the testimony of Mrs. Borne to the effect that the edifice exhibited evidence of these additions, supplied the basis for the plaintiff’s position that there was a formal addendum or supplement to the contract price. We agree with the trial judge that no such position is tenable. The record clearly shows that the outside garage building was not called for in the original plans and specifications, and that this building was an “extra”. This garage had dimensions of 24' x 46' or 1104 square feet for which Mr. Albert listed the price of extras on the garage in the amount of $4,634.26. We find no reason for treating the garage or any items alleged by the plaintiff in any category other than “extras.”
The evidence is seriously lacking in establishing that other “extras” to the extent of $9,171.72 were added to the house. The plaintiff strenuously urges that the defendant has not controverted the contractor’s position that these items were in line together with the value of the work and materials in connection with the amendment of the contract price in the sum of $11,254.92, making a grand total for the construction price of $78,042.72, and representing an excess amount of $20,417.72 in “.extras” over the original contract price of $57,625.00.
The evidence indicates that the extras were to be performed on a cost plus basis, and in establishing the value of such extras on this basis, the case of Mitchell Lu-lich Construction Company v. Ballay, 203 So.2d 401 (La.App. 4th Cir. 1967), writ refused, 251 La. 406, 204 So.2d 579 (1967) in part recites:
“In suits for recovery of the amount due under ‘cost plus’ construction contracts or contracts entered into on a labor and materials basis the contractor carries the burden of proving that all of the materials charged for went into the construction and that the prices charged for labor *295 and materials are reasonable and proper. See Wendel v. Maybury, La.App., 75 So.2d 379; Lagasse v. Allen, 219 La. 745, 54 So.2d 6; Lee v. National Cylinder Gas Co., La.App., 58 So.2d 568.”
We are convinced that the plaintiff has failed to discharge the burden of proof imposed on him in the foregoing precepts of law. He has chosen to rely upon certain documents attached to his petition and introduced into evidence to prove the substantive nature of his claims for extras. The records he kept simply fail to establish his claims on this score. He was unable to designate the identity of the parties and the number of hours they worked on the extras. The invoices for materials were not maintained in such a manner that those items entitled to the “extra” category could be separated from the material which went into the structure under the original contract. All of the testimony, including that of Mr. Smith, Albert C. Olivier, Jr. and Donald Lytle, especially noted Albert’s inability to substantiate these extras.
A discussion of.the various construction items claimed by the defendant to be defective in materials and workmanship is not necessary in view of our holding, but in passing we do note that Mr. Ledet offered considerable evidence pointing to the improper laying of the foundation, defective paving, damp course on inside of brick work improperly installed, paving on patio porch, additional concrete in driveway, terrazzo in bathroom totally unacceptable, improperly constructed and installed shutters, cabinets and electrical fixtures, and the warping and splitting of door panels throughout the house, the separation of molding joints, and the separation of the stairs from their stringers.
For the foregoing reasons the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.

 This opinion was authored by TUCKER, J., prior to his death on the 25th day of January, 1974, and is concurred in by tbe remaining members of the panel.