JULIAN E. BAILES, Judge Pro Tem.
Plaintiff-appellant appeals the judgment of the trial court dismissing this suit on an exception of res judicata. On our finding that the cause of action asserted against the defendant has not been adjudicated in prior litigation between these parties, we reverse.
The exception or res judicata on which the trial court dismissed this action states:
“That in the matter entitled ‘Clarence J. Albert, Jr. v. Leo C. Ledet, No. 32657’ *856 [La.App., 292 So.2d 293] on the docket of the 32nd Judicial District Court for the Parish of Terrebonne in which the present plaintiff sought an offset for the same repairs for which he now seeks to recover, this Court rendered and signed a judgment dismissing the plaintiff’s suit at his cost and at the same time the third party1 demand of the present plaintiff was dismissed, which judgment was subsequently affirmed by the Court of Appeal; that the instant suit is founded on the same cause of action, demands the same thing, and is between the same parties as the suit referred to above; that the judgment rendered in that suit has become final and the delay for appealing therefrom has elapsed; that exceptor specially pleads the above judgment as res judicata in bar of the present suit.”
The suit record in Albert v. Ledet, No. 32657, referred to in the above quoted exception, was filed in this record. That entire proceeding is before us. The judgment rendered therein by the trial court was appealed to this Court. The case on our docket was assigned No. 9676. Our opinion, affirming the judgment of the trial court, was rendered February 11, 1974, and is reported in La.App., 292 So.2d 293.
As this Court stated in the above cited opinion, the plaintiff therein (defendant herein) brought suit to recover an alleged balance due under a building contract, and for certain extra work performed thereunder. The defendant therein (plaintiff herein) in his answer denied any indebtedness under the contract and further pleaded that the “workmanship was totally inadequate and defective” and followed this allegation with a list of alleged defects.
Although not germane to the issue before us in the instant appeal, defendant therein also filed a third party action against his architect.
Additionally, defendant therein filed an amended and supplemental answer to the petition of the plaintiff therein in which he alleged that the búilding had an improper foundation elevation which prevented the building from properly draining thereby rendering the building totally useless and necessitating its complete replacement.
Alternatively the defendant therein pleaded that should the court find the building not improperly constructed so as to render it totally useless, defendant is entitled to an offset because of the inadequate and defective workmanship, and the inadequacies and defects were itemized.
In its written reasons for judgment the trial court in suit No. 32,657 (No. 9676 on our docket) La.App., 292 So.2d 293 said:
“We have no doubt from the testimony that many of the defects complained of were due to the use of faulty materials, and that at least some of the defects, such as the concrete paving, the terrazzo flooring, and the hanging of the shutters were due to faulty workmanship. * * *. However, for the reasons hereinafter given and the conclusions reached, it becomes unnecessary to com.pute the amount of any offset claimed by defendant. He prayed for a dismissal of Albert’s petition and, only in the alternative for an offset.
“ * * *
“From all of the evidence, it is oui conclusion that plaintiff has not sus. tained the burden of proof required in the foregoing quotations. * * *
“Since Albert’s suit will be dismissed, we shall also dismiss Ledet’s third party demand against the architect, T. Baker Smith, Jr.
« * * * »
We noted in our former opinion that Mr. Ledet, in his amended and supplemental answer, alternatively pleaded as an offset certain defects in materials and workmanship.
*857 In this Court’s opinion, supra, we stated:
“This court has carefully reviewed and considered the record of this suit in its entirety, the trial court’s finding of fact and its conclusions reached therefrom, and we fully concur therein and affirm its judgment of dismissal.”
Before we pass to a discussion of the law applicable to the exception we will examine the facts of the prior litigation.
In the petition filed by the plaintiff, Clarence J. Albert, Jr., it was alleged that the plaintiff and defendant previously had entered into a contract wherein the plaintiff agreed to construct a residence for the defendant for the sum of $57,625, which price was subsequently changed to the sum of $68,871; that certain extra work was performed not included in the original contract in the amount of $9,171.72; and that there was a balance due on the contract price in the amount of $6,887.10 and $9,171.72 due for the extras. Plaintiff tlherein prayed for judgment in the amount of $16,058.82.
As stated above, the defendant filed what was the equivalent of a general denial and alternatively set up as an offset for any amount due the defective and inadequate workmanship of the work performed.
Even though evidence was received by the trial court on the question of the inadequate and defective work, the court did not make a judgment on this alternative defense. Plaintiff’s suit was dismissed for lack of proof to support his demand.
The requirements to sustain an exception of res judicata are statutory. These are found in LSA-C.C. Article 2286, which we now quote:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In Firemen’s Pension and Relief Fund v. Sudduth, 276 So.2d 727 (La.App. 3 Cir.) the plaintiff sued to force the mayor of the City of Lake Charles to deposit certain sums of money into the fund. An exception of res judicata was filed based on a judgment rendered in prior litigation between the parties.
The facts are that in the former suit, plaintiff sought a writ of mandamus directing the mayor to pay into the fund the contributions for the years 1968, 1969, 1970 and 1971. Judgment was rendered ordering the deposit of the contributions, however, contribution for the year 1971 was not included because it was not due at the time the judgment was rendered.
The exception was overruled by the trial court. In affirming the trial court, the court stated on page 731:
“[2,3] As to the factual issues, it is true that in the prior suit plaintiff prayed for matching funds for the fiscal year 1970-71, in addition to previous years. Judgment was rendered awarding the contributions due for the years 1968-69 and 1969-70, but the claim for 1970-71 was found to be premature. The factual issues on the merits of the 1970-71 payment were not before the court and hence were not decided. Res judicata does not apply to matters raised by the pleadings, but not disposed of by judgment. * *
In In Re Craven, 178 La. 372, 151 So. 625, 1933, a disbarment proceeding was dismissed for lack of proper service, and after amendment of rules to provide for substituted service, an exception of res judica-ta was filed to the second proceeding. In overruling the exception, the court said:
“A plea of res judicata cannot prevail unless the issue tendered in the second suit was disposed of by the judgment rendered in the former suit. Citations omitted.”
*858 The appellee argues in brief that there was exhaustive testimony introduced during the trial of the first case on the question of the quality of the workmanship, the cost of extras and on whether Ledet was entitled to an offset. Further, that the appellant’s prayer of an offset was refused by the trial court and affirmed by this Court, and that the instant case is founded on the same cause of action that the original cause was founded upon, the demands are the same, namely money from appellee for improper workmanship or defects in the original construction.
The contention of appellee is correct to the extent that the pleadings of appellant did set up these issues in setoff against the claim of Mr. Albert in the first suit. However, these issues of defective and inadequate workmanship in the work performed under the contract were not adjudged by either the trial court or this Court.
The appellee failed to recover in the first action because both the trial court and this Court found he had not sustained the burden of proving the claim he asserted against Mr. Ledet. This is best demonstrated by quoting from our opinion noted supra. On page 295 of 292 So.2d, this Court said:
“We are convinced that the plaintiff has failed to discharge the burden of proof imposed on him in the foregoing precepts of law. * *
The offsetting claim of Mr. Ledet, although perhaps fully developed by the evidence adduced in the trial court, there was no adjudication of this claim. This Court stated, also on page 295 of 292 So.2d:
“A discussion of the various construction items claimed by the defendant to be defective in material and workmanship is not necessary in view of our holding, ‡ * y*
The rationale of the court in State v. American Sugar Refining Company, 108 La. 603, 32 So. 965 (1902), in considering res judicata is appropriate in the instant case:
“The basic principle of res judicata is found in the necessity that a time should come when the litigation shall cease, in order that the decree of the court may be carried out. This is what the law concerns itself with, that the object of the judgment shall not remain eternally in suspense, but be delivered into the quiet and undisturbed possession of the successful litigant. This is what the Code means when it says that ‘The authority of the thing adjudged takes place only with respect to what was the object of the judgment.’ The law by virtue of which the object of the judgment is delivered is no part of the object of the judgment. It is only one of the reasons for judgment, and res judicata does not take place with respect to the reasons for judgment, but ‘only with respect to what was the object of the judgment.’ Res judicata deals, if we may so express ourselves, with the decree of the court, as contradistinguished from the judgment of the court. To give it a wider scope than this is to confound it with stare decisis. The office and function and utility of res judicata is not to settle law questions, but to lend stability to a decree in order that such decree may have effect. * *
We find herein that the conditions of res judicata as required by-LSA-C.C. Article 2286 are not satisfied. The thing demanded by appellee, Albert, in the former suit is not the same as that demanded by appellant Ledet in this suit; neither is the cause of action the same in both suits.
For the foregoing reasons, the judgment sustaining the exception of res judicata is reversed and this suit is remanded to the *859 trial court for further proceedings in accordance with law.
All court cqsts, both in trial court and this Court attributable to the exception of res judicata are assessed to defendant.
Reversed and remanded.